# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

### NO. 5:10-CV-00414-FL

| | | |
|---|---|---|
| LINDA K HUGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| NC DEPT. OF ADMINISTRATION, | ) | |
| NC HUMAN RELATIONS COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss [DE-9] and Plaintiff's motion for leave to file an amended complaint [DE-16], which have been referred to the undersigned by Chief Judge Flanagan for Memorandum and Recommendation. Additionally, Plaintiff's motion for appointment of counsel [DE-17] has been referred to the undersigned for ruling. The issues before the Court have been fully briefed and are ripe for decision.

For the reasons stated below, it is hereby **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff's motion to amend be **GRANTED IN PART AND DENIED IN PART**. Furthermore, it is hereby **ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**.

## STATEMENT OF THE CASE AND THE FACTS

Plaintiff was employed by Defendant, North Carolina Department of Administration, North Carolina Human Relations Commission ("NCDOA"), from May 1, 2004, until she was terminated on January 30, 2009. In her complaint, Plaintiff alleged that in August 2006 she began to experience discriminatory treatment from Director George Allison in the form of poor

evaluations, written warnings, and verbal assaults and threats. Plaintiff subsequently filed two EEOC charges, the first on or about May 18, 2008 and the second on or about March 16, 2009, alleging discrimination based on sex, religion, and retaliation. On July 9, 2010, Plaintiff received a right to sue letter from the EEOC.

On October 7, 2010, proceeding *pro se* and *in forma pauperis*, Plaintiff filed her complaint alleging discrimination based on race, sex, religion and retaliation in violation of Title VII of the Civil Rights Act of 1964. On November 5, 2010, Defendant filed the instant Rule 12(b) motion to dismiss for insufficient service of process and failure to state a claim upon which relief can be granted. On November 29, 2010, Plaintiff filed a motion for leave to amend her complaint to add several individual defendants, claims for discrimination in violation of North Carolina state law and for emotional distress, and a request for punitive damages. On December 6, 2010, Plaintiff filed a motion for appointment of counsel. On April 24, 2011, the Court ordered Plaintiff to file proof of service in conformity with Rule 4(l) of the Federal Rules of Civil Procedure [DE-33], and on May 4, 2011, Plaintiff filed proof of service [DE-34].

## DISCUSSION

### I.     Motion to Dismiss

#### a.  Service of Process

Defendant contends that this case should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process because Plaintiff failed to serve the complaint and summons as required by Rule 4(j). The U.S. Marshal's return of service filed by Plaintiff indicated that the complaint and summons were addressed to "NC DEPT. OF ADMINISTRATION, 116 WEST JONES STREET, RALEIGH, NC 27603-1300." [DE-7.] On November 29, 2010, Plaintiff filed a response to Defendant's motion to dismiss, which stated that she had cured any defect in

2

service "by the U.S. Marshal's Service of amended complaint." Pl.'s Resp., para. 11 [DE-15]. On December 15, 2010, Defendant filed a reply, which stated that a summons was never properly served on Moses Carey, Secretary of the NCDOA, or Zeke Creech, General Counsel of the NCDOA. Def.'s Reply, para. 1 [DE-18]. On December 23, 2010, Plaintiff filed a sur-reply, which stated that on the same day she had mailed the summons and complaint via first class certified mail, return receipt requested, to Carey and Creech, as well as to Ann Stone, Defendant's counsel of record. Pl.'s Ans. to Def.'s Resp. at 5 [DE-23].

A summons must be properly served before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Specifically, Rule 4(j) provides that a state-created governmental organization, such as the NCDOA, may be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons . . . ." Fed. R. Civ. P. 4(j)(2). Under North Carolina law, an agency of the state may be served by:

> [P]ersonally delivering a copy of the summons and of the complaint to the process agent appointed by the agency in the manner hereinafter provided; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to said process agent; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the process agent, delivering to the addressee, and obtaining a delivery receipt. As used in this subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(4).

The first attempted service by the U.S. Marshal was not properly made on Defendant's chief executive officer, Moses Carey, or Defendant's process agent, Zeke Creech, the only persons amenable to service under Federal Rule 4(j)(2) and North Carolina Rule 4(j)(4). *See Brissett v. Fremont Inv. & Loan Corp. Headquarters*, No. 4:07-CV-108-FL, slip op. at 5

3

(E.D.N.C. Jan. 9, 2008) (concluding that service was improper where summons was directed to "Corporate Headquarters" and not addressed to any of the individuals identified in Rule 4(j)). There was no proof of service filed for Plaintiff's second attempted service, which Defendant contends did not include the summons. However, Plaintiff's proof of service filed on May 4, 2011, in response to this Court's order, appears to indicate that on December 23, 2010, Plaintiff reattempted service on Carey and Creech by mailing them a copy of the original complaint and summons by certified mail, return receipt requested. While the proof of service is not entirely clear, giving the benefit of reasonable inferences to the *pro se* Plaintiff, it appears that she has now properly served Defendant with the summons and complaint in conformity with Federal Rule 4(j)(2) and North Carolina Rule 4(j)(4) and within the 120 day period allowed by Federal Rule 4(m). Pl.'s Proof of Service, para. 7 & Ex. C [DE-34 & 34-3]. Therefore, the undersigned finds that Plaintiff has now properly served Defendant and that the case should not be dismissed pursuant to Rule 12(b)(5).

### b. Failure to Exhaust

#### i. Standard of Review

A motion to dismiss under 12(b)(6) tests the sufficiency of the facts pleaded in the complaint. It determines whether a claim is stated; it does not resolve issues of disputed facts, the merits of a claim, or the applicability of defenses. *Republican Party v. Martin*, 908 F.2d 943, 952 (4th Cir. 1992). When reviewing a motion to dismiss, the Court considers the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Generally, if a court considers matters outside the complaint in ruling on a motion to dismiss, the motion is treated as one for summary judgment under Rule 56. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, a

4

court may consider "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed," without converting the motion to dismiss to one for summary judgment. *Witthohn v. Fed. Ins. Co.*, No. 05-1378, 2006 WL 228621, at *1, 164 Fed. App'x 395, 396-97 (4th Cir. Jan. 31, 2006).

Plaintiff expressly referenced the EEOC charges in her initial complaint, and Defendant filed a copy of the second charge with its reply. Def.'s Reply, Ex. 1 [DE-18-1]. There being no apparent dispute with regard to the authenticity of the EEOC charge, the Court will consider it without converting the instant motion into one for summary judgment. *See Spain v. Va. Commonwealth Univ.*, No. 3:09cv266, 2009 WL 2461662, at *3 (E.D. Va. Aug. 11, 2008) (concluding that a motion to dismiss should not be converted into a motion for summary judgment where plaintiff explicitly referenced the filing of EEOC charges in her amended complaint).

### ii. Analysis

Defendant contends that Plaintiff has failed to exhaust her administrative remedies with respect to her race discrimination claim. Before bringing a discrimination claim under Title VII, a plaintiff must first file a discrimination charge with the EEOC. The EEOC charge determines the scope of the plaintiff's right to bring the subsequent Title VII action. *See, e.g., Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *see also Webb v. N.C. Dep't of Crime Control and Pub. Safety, Alcohol Law Enforcement Div.*, No. 7:08-CV-90-D, 2009 WL 3150266, at *5 (E.D.N.C. Sept. 11, 2009). More specifically, "only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII

lawsuit." *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). The rationale for the exhaustion requirement in this context is that it provides notice to employers of alleged discrimination and helps encourage agency-monitored settlement. *Chacko v. Patuxent Institution*, 429 F.3d 505, 510 (4th Cir. 2005). A plaintiff's failure to exhaust administrative remedies in an EEOC action deprives the court of subject matter jurisdiction over the claim. *Jones v. Calvert Group, Ltd*, 551 F.3d 297, 300 (4th Cir. 2009).

The Fourth Circuit takes a narrow approach to determining if claims are "reasonably related" to or "developed by reasonable investigation of" the original complaint. *Evans*, 80 F.3d at 963. If the EEOC charge alleges discrimination on one basis and the federal action alleges discrimination on a separate basis, that separate federal claim will generally be barred. *Jones*, 551 F.3d at 300. The Fourth Circuit is equally reluctant to allow plaintiffs to expand the alleged adverse employment actions beyond the allegations stated in the original EEOC charge. *Chako*, 429 F.3d at 509; *see also Collins v. TIAA-CREF*, No. 3:06cv304-RJC, 2009 WL 3077555, at *4 (W.D.N.C. Sept. 23, 2009) (dismissing the Title VII discrimination claims for failure to exhaust administrative remedies where claims were not referenced in the plaintiff's EEOC charge).

Plaintiff appears to concede that her first EEOC charge, No. 14B-2008-00017, included only allegations of discrimination based on sex, religion and retaliation and not race. Pl.'s Resp. at 2 [DE-15]. However, Plaintiff claims that her later EEOC charge, No. 436-2009-00469, was also based on "race or color" and that her first charge did not include a race discrimination claim because she was not aware at the time that her race was a motivating factor in the discrimination. *Id.* Looking at the second EEOC charge, Plaintiff marked the boxes that indicated the alleged discrimination was based on sex, religion, and retaliation; the boxes for race and color were not marked. Def.'s Reply, Ex. 1 at 3 [DE-18-1]. In the "particulars" section of the charge, Plaintiff

stated in relevant part: "I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, based on my sex (female), religion (Jehovah's Witness) and in retaliation for engaging in protected activity." *Id.* There is no evidence that Plaintiff filed a third EEOC charge on the basis of race or color discrimination.

It is noteworthy that, in her proposed amended complaint, Plaintiff stated that after she discovered the race-based discrimination, she reported it to her superiors and "thereafter lodged the complaint with EEOC." Pl.'s Prop. Am. Compl. ¶ 2 [DE-16-1]. However, no EEOC charge mentions race- or color-based discrimination. Furthermore, Plaintiff's proposed amended complaint contains no specific factual allegations of or claims related to race or color discrimination. Pl.'s Prop. Am. Compl. [DE-16-1]. Finally, there is no basis to infer that a claim for race or color discrimination would reasonably develop from the investigation of claims based on sex and religious discrimination. Therefore, the Court concludes that Plaintiff has failed to exhaust her administrative remedies with respect to a race or color discrimination claim.

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss [DE-9] be **GRANTED** as to any Title VII claim for race- or color-based discrimination and **DENIED** as to the alleged failure to properly serve Defendant with the complaint and summons.

## II.     Motion to Amend

Plaintiff seeks leave, pursuant to Rule 15(a), to amend her complaint to add (1) several individual defendants, (2) claims for discrimination in violation of state public policy, or the North Carolina Equal Employment Practices Act ("NCEEPA"), (3) a claim for emotional distress, and (4) a request for punitive damages. The disposition of a motion to amend is entrusted to a court's sound discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should deny a motion to amend only where prejudice, futility, or bad faith are present. *Island*

*Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). Defendant contends that Plaintiff's proposed amendments would not survive a motion to dismiss and, consequently, are futile and should not be allowed. The Court will address each component of the motion to amend in turn.

### a. Individual Defendants

Plaintiff proposes to add NCDOA employees George Allison, Director; Richard Boulden, Attorney; Sally Lind, Supervisor Community Relations; Valerie Branch, Program Assistant IV; Traci Rosvall, Clinical Care Manager; Sondra Chavis, EEO Manager; and McKinley Wooten, Jr., Deputy Secretary, as defendants in this case.

With respect to Plaintiff's Title VII and NCEEPA claims, the addition of individual defendants would be futile because Title VII and the NCEEPA do not provide for individual liability. *See McQuade v. Xerox Corp.*, No. 5:10-CV-149-FL, 2011 WL 344091, at *5 (E.D.N.C. Feb. 1, 2011) ("[T]he Fourth Circuit has explicitly rejected individual liability under [Title VII]."); *Chung v. BNR, Inc./Northern Telecom, Inc.*, 16 F. Supp. 2d 632, 634 (E.D.N.C. 1997) (concluding that NCEEPA provides no basis for claims against individuals).

With respect to the claim for emotional distress, Plaintiff has made no specific allegations against Rosvall, Chavis, or Wooten in her proposed amended complaint. Plaintiff does, however, make specific allegations with respect to Allison, Boulden, Lind, and Branch, which are sufficient to "raise a right to relief above the speculative level" on her emotional distress claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Walton v. N.C. Dep't of Agric. & Consumer Servs.*, No. 5:09-cv-302-FL, slip. op. at 4 (E.D.N.C. Feb. 17, 2010) (granting motion to amend and allowing plaintiff to add supplemental claims of emotional distress against supervisor in Title VII action).

Accordingly, it is **RECOMMENDED** that the motion to amend be **DENIED** with respect to Rosvall, Chavis, and Wooten and **GRANTED** solely as to the emotional distress claim with respect to Allison, Boulden, Lind, and Branch.

### b. Claims Against NCDOA

Against NCDOA, Plaintiff proposes to add a NCEEPA claim for discrimination in violation of public policy, a claim for emotional distress, and a request for punitive damages.

### i. NCEEPA Claim

The NCEEPA provides in relevant part:

> It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C. Gen. Stat. § 143–422.2. The Fourth Circuit has recognized a private cause of action for common law wrongful discharge against a private employer based on race and sex discrimination in violation of § 143–422.2. *McLean v. Patten Communities, Inc.*, 332 F.3d 714, 721 (4th Cir. 2003). However, wrongful discharge is a tort, and, therefore, any such claim against NCDOA is barred by the doctrine of sovereign immunity. *Hooper v. North Carolina*, 379 F. Supp. 2d 804, 814 (M.D.N.C. 2005); *see also Oleyar v. Cnty. Of Durham*, 336 F. Supp. 2d 512, 520 (M.D.N.C. 2004) (granting summary judgment to the county based on sovereign immunity as to employee's wrongful discharge claim); *Dai v. Univ. of N.C., at Chapel Hill*, No. 1:02CV224, 2003 WL 22113444, at *4-5 (M.D.N.C. Sept. 2, 2003) ("The Eleventh Amendment constitutional bar 'applies as well to state-law claims brought into federal court under pendant jurisdiction,' such as Plaintiff's NCEEPA claim.") (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1984)).

### ii. Emotional Distress Claim and Punitive Damages

Plaintiff's claim for emotional distress against the NCDOA is likewise barred by the doctrine of sovereign immunity. *See Walton*, No. 5:09-cv-302-FL, No. 5:09-cv-302-FL, slip. op. at 4 - 7 (E.D.N.C. Feb. 17, 2010) (dismissing, on sovereign immunity grounds, tort claims against the North Carolina Department of Agriculture). Additionally, Plaintiff cannot recover punitive damages against the NCDOA because it is a "government agency" within the meaning of 42 U.S.C. § 1981a(b)(1). *See Holley v. N.C. Dept. of Admin.*, No. 5:09-CV-345-D, 2010 WL 2332155, at *1 (E.D.N.C. June 8, 2010) (granting North Carolina Department of Administration's motion to dismiss request for punitive damages on Title VII claim).

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to amend her complaint as to the NCDOA be **DENIED** as to the as to the NCEEPA and emotional distress claims and the request for punitive damages.

### III. Motion for Counsel

Plaintiff contends that she is financially unable to retain counsel and that the complicated nature of her case entitles her to court-appointed counsel. "[T]here is no absolute right to appointment of counsel; a plaintiff must present 'exceptional circumstances.' Exceptional circumstances exist where 'a pro se litigant has a colorable claim but lacks the capacity to present it.'" *Hall v. Holsmith*, No. 09-6288, 2009 WL 2171242, at *1 (4th Cir. July 21, 2009) (citations omitted). Based on Plaintiff's filings in this case, it appears that she is capable of adequately presenting her claims. Furthermore, the Court finds that the claims asserted by Plaintiff are not so complex as to necessitate the appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel [DE-17] is **DENIED**.

## CONCLUSION

It is hereby **RECOMMENDED** as follows:

(1) that Defendant's motion to dismiss [DE-9] be **GRANTED** as to any Title VII claim for race- or color-based discrimination and **DENIED** as to the alleged failure to properly serve Defendant with the complaint and summons; and

(2) that Plaintiff's motion to amend [DE-16] be **DENIED** with respect to the individual Defendants Rosvall, Chavis, and Wooten; **DENIED** with respect to the NCEEPA and emotional distress claims and the request for punitive damages against the NCDOA; and **GRANTED** solely on the emotional distress claim as to Allison, Boulden, Lind, and Branch.

Furthermore, it is hereby **ORDERED** that Plaintiff's motion for appointment of counsel [DE-17] is **DENIED**.

The clerk shall send copies of this Order and Memorandum and Recommendation to the parties who have fourteen days (14) after receiving it to file written objections. Failure to file timely written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report, and, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This the 20 day of June, 2011.

David W. Daniel
United States Magistrate Judge