IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-414-FL

| | |
|---|---|
| LINDA K HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| N.C. DEPT. of ADMINISTRATION, N.C. ) | |
| HUMAN RELATIONS COMMISSION,, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to dismiss (DE # 9) and plaintiff's motion for leave to file amended complaint (DE # 16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommends that the court grant in part and deny in part defendant's motion to dismiss and grant in part and deny in part plaintiff's motion to amend. The magistrate judge denied plaintiff's motion for appointment of counsel. Both parties timely filed objections to the M&R, and both parties filed responses.[1] In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge as modified below, grants in part and denies in part defendant's motion to dismiss, and denies plaintiff's motion to amend.

---

[1] Plaintiff filed a sur-reply in response to defendant's response to her objections to the M&R. The Local Rules of this district prohibit the filing of surreplies without leave of court. See Local Civil R. 7.1. Plaintiff did not obtain leave to file her surreply. Nevertheless the court has considered it. Plaintiff is reminded that though she is *pro se*, she still must comply with the local rules.

## BACKGROUND

The following is a brief recitation of the facts as alleged in plaintiff's complaint and proposed amended complaint and considered in the light most favorable to plaintiff. Plaintiff was employed by defendant North Carolina Department of Administration, North Carolina Human Relations Commission ("NCDOA"), from May 1, 2004, until she was terminated on January 30, 2009. Plaintiff alleges that in August 2006, she began to experience discriminatory treatment from director George Allison in the form of poor evaluations, written warnings, and verbal assaults and threats. Plaintiff subsequently filed two charges with the Equal Employment Opportunity Commission ("EEOC"). The first EEOC charge was filed on or about May 18, 2008, and the second was filed on or about March 16, 2009. In these charges, plaintiff alleged discrimination based on sex, religion, and retaliation. On or about July 9, 2010, plaintiff received a right to sue letter from the EEOC.

On October 7, 2010, proceeding *pro se* and *in forma pauperis*, plaintiff filed complaint alleging discrimination based on race, sex, religion, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Defendant filed motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for insufficient service of process and failure to state a claim upon which relief can be granted. On November 29, 2010, plaintiff filed a motion for leave to amend her complaint to add several individual defendants, including George Allison ("Allison"), Richard Boulden ("Boulden"), Valerie Branch ("Branch"), Sally Lind ("Lind"), Sondra Chavis ("Chavis"), McKinley Wooten ("Wooten"), and Traci Rosvall ("Rosvall"), claims for discrimination in violation of North Carolina state law, claims for emotional distress, and a request for punitive damages. On December 6, 2010, plaintiff filed a motion for appointment of counsel, which motion the magistrate judge denied in the M&R.

2

On April 24, 2011, the court ordered plaintiff to file proof of service in conformity with Rule 4(l) of the Federal Rules of Civil Procedure, and on May 4, 2011, plaintiff filed proof of service, lodged on the docket at entry 34. The proof of service indicates that on November 27, 2010, plaintiff served a copy of her complaint via certified mail on Zeke Creech, defendant's process agent, and Moses Carey, defendant's chief executive officer (DE # 34, Ex. B.) The proof of service also indicates that on December 23, 2010, plaintiff served her amended complaint via certified mail on the same individuals (DE # 34, Ex. C.)

## DISCUSSION

A. Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B. Analysis

1. Service of Process

A summons must be properly served before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Rule 4 of

3

the Federal Rules of Civil Procedure provides that a state-created governmental organization, such as the NCDOA, may be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons . . . ." Fed. R. Civ. P. 4(j)(2). As the magistrate judge noted, under North Carolina law, an agency of the state may be served by:

> [P]ersonally delivering a copy of the summons and of the complaint to the process agent appointed by the agency in the manner hereinafter provided; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to said process agent; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the process agent, delivering to the addressee, and obtaining a delivery receipt. As used in this subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(4).

As the magistrate judge noted, the first attempted service of plaintiff's complaint by the U.S. Marshal was not properly made on defendant's chief executive officer or process agent, Moses Carey and Zeke Creech. Plaintiff's proof of service, however, shows that on November 27, 2010, plaintiff sent by certified mail a copy of her complaint to these individuals (DE # 34, Ex. B.) The certified mail receipt that reflects this service does not appear to be stamped. However, plaintiff's proof of service also shows a stamped certified mail receipt for the service of a copy of her amended complaint, sent December 23, 2010, to Carey and Creech. (DE # 34, Ex. C.)

While plaintiff's *pro se* status makes her filings difficult to follow, it appears she has complied with the rules for serving defendant with complaint and summons within the 120 day period proscribed by Rule 4(m). Defendant's objection cites case law that is not binding on this court and offers no more than a conclusory argument that the motion to dismiss should be granted

4

for failure to serve the summons and complaint. Additionally, "when service of process gives a defendant actual notice of the pending action, the courts may construe the Federal Rules of Civil Procedure liberally 'to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits.'" Bess v. County of Cumberland, 2011 WL 3055289 at *2 (E.D.N.C. 2011) (citing Karlsson v. Rabinowitz, 318 F.3d 666, 668 (4th Cir. 1963)). Here, defendant does not deny that it had notice of this action, and does not identify any prejudice that has arisen from any alleged technical defect in service. Moreover, *pro se* litigants are allowed a certain amount of lenity compared to represented parties. Id. (citations omitted). Defendant's objection is overruled.

2. Failure to Exhaust

Defendant contends that plaintiff has failed to exhaust her administrative remedies with respect to her race discrimination claim, and moves to dismiss plaintiff's complaint on this ground. A motion to dismiss under Rule 12(b)(6) of the Federal Rules tests the sufficiency of the facts pleaded in the complaint. It determines whether a claim is stated; it does not resolve issues of disputed facts, the merits of a claim, or the applicability of defenses. Republican Party v. Martin, 908 F.3d 943, 953 (4th Cir. 1992). When reviewing a motion to dismiss, the court considers the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Generally, if a court considers matters outside the complaint in ruling on a motion to dismiss, the motion is treated as one for summary judgment under Rule 56. Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). However, a court may consider "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not

5

disputed" without converting the motion to dismiss into a motion for summary judgment. Wittholm v. Fed. Ins. Co., 164 Fed. App'x 395, 396-97 (4th Cir. 2006).

As the magistrate judge noted, plaintiff expressly referenced her EEOC charges in her complaint. Defendant filed a copy of the second EEOC charge with its reply. There being no dispute as to the authenticity of the EEOC charges, the court considers the second charge without converting the instant motion into one for summary judgment. See Spain v. Va. Commonwealth Univ., 2009 WL 2461662, at *3 (E.D.Va. 2008).

Before bringing a discrimination claim under Title VII, a plaintiff must first file a discrimination charge with the EEOC. This charge determines the scope of the plaintiff's right to bring a subsequent Title VII action in federal court. See, e.g., Bryant v Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). "[O]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Servs. Co., 80 F.3d 954, 963 (4th Cir. 1996). As the magistrate judge noted, a plaintiff's failure to exhaust administrative remedies in an EEOC action deprives the court of subject matter jurisdiction over the claim. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

The Fourth Circuit takes a narrow approach to determining if claims are "reasonably related" to or "developed by reasonable investigation of" the original complaint. Evans, 80 F.3d at 963. If the EEOC charge alleges discrimination on one basis, and the federal action alleges discrimination on a different basis, the separate federal claim will generally be barred. Jones, 551 F.3d at 300. The Fourth Circuit has held that a plaintiff may not expand an adverse employment action beyond the

6

allegations stated in the original EEOC charge. Chako v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005).

The magistrate judge found that plaintiff had not exhausted her administrative remedies with regard to her claim of race discrimination. The magistrate judge noted that plaintiff conceded that her first EEOC charge only included allegations of discrimination based on sex, religion, and retaliation. Plaintiff claimed that her second EEOC charge was based on "race and color" in addition to sex, religion, and retaliation, yet plaintiff did not mark the boxes on the charge to indicate that race/color was a basis for the alleged discrimination (M&R 6.) Furthermore, the magistrate judge noted that in the "particulars" section of the second EEOC charge, plaintiff stated that she believed she was discriminated against based on her sex, her religion, and retaliation only. While plaintiff's proposed amended complaint states that after she became aware of the racial discrimination she lodged complaint with the EEOC, no EEOC charge that plaintiff filed mentions race discrimination, and there is no evidence plaintiff filed a third charge.

In her objection, plaintiff cites Jones to argue that her race discrimination claim should be allowed because it was due to "ongoing" events. (Pl.'s Obj. 2.) However, a review of Jones supports the magistrate judge's conclusion. In Jones, the Fourth Circuit found that the plaintiff had not exhausted her administrative remedies when her complaint alleged discrimination based on age, sex, and race and second EEOC charge alleged only retaliation. Jones, 551 F.3d at 301. The plaintiff was not required to file a new EEOC charge alleging retaliation before claiming retaliatory termination in a Title VII suit when the plaintiff alleged that the retaliation happened as a result of the filing of an earlier EEOC charge, which also alleged retaliation. Jones, 551 F.3d at 304. The present case is different. Plaintiff never alleged race discrimination in any of her EEOC charges, and

plaintiff's retaliation claim is not at issue, as was the case in Jones. As such, plaintiff has failed to exhaust her administrative remedies with regard to her claim of race discrimination, and the court lacks subject matter jurisdiction to address it. Defendant's motion to dismiss this claim is granted in part. Plaintiff's objection is overruled.

3.   Motion to Amend

Plaintiff seeks leave, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to amend her complaint to add (1) several individual defendants, (2) claims for discrimination in violation of state public policy, or the North Carolina Equal Employment Practices Act ("NCEEPA"), (3) claims for emotional distress, and (4) a claim for punitive damages. As the magistrate judge noted, the disposition of a motion to amend is entrusted to a court's sound discretion. Forman v. Davis, 371 U.S. 178, 182 (1962). A court should deny a motion to amend only where prejudice, futility, or bad faith are present. Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987). The magistrate judge found that plaintiff's motion to amend should be granted only as to the emotional distress claims with respect to Allison, Boulden, Lind, and Branch.[2]

As to the individual defendants, the magistrate judge found that plaintiff's motion to amend should not be allowed with regard to the Title VII and NCEEPA claims because amendment would be futile as Title VII and the NCEEPA do not provide for individual liability. See McQuade v. Xerox Corp., 2011 WL 344091, at *5 (E.D.N.C. 2011); Chung v. BNR, Inc./Northern Telecom, Inc., 16 F. Supp. 2d 632, 634 (E.D.N.C. 1997). With respect to her claims against NCDOA, the

---

[2] Plaintiff made no specific allegations against Rosvall, Chavis, or Wooten in her proposed amended complaint with respect to her emotional distress claims.

8

magistrate judge found that plaintiff should not be allowed to amend her complaint to include a claim under the NCEEPA because the claim would be barred by the doctrine of sovereign immunity. See, e.g., Hooper v. North Carolina, 379 F.Supp.2d 804, 814 (M.D.N.C. 2005); Dai v. Univ. of N.C. at Chapel Hill, 2003 WL 22113444, at *4-5 (M.D.N.C. Sept. 2, 2003). Likewise, plaintiff's emotional distress claims against NCDOA would also be barred by sovereign immunity. Walton v. N.C. Dep't of Agric. & Consumer Servs., No. 5:09-CV-302-FL, slip. op. at 4-7 (E.D.N.C. Feb. 17, 2010). Additionally, the magistrate judge found that punitive damages could not be recovered against the NCDOA. See Holley v. N.C. Dep't of Admin., 2010 WL 2332155, at *1 (E.D.N.C. June 8, 2010).

  a. Individual defendants

Plaintiff and defendant both filed objections to this portion of the M&R. Defendant first objects that individual defendants are not liable in their individual capacities under Title VII. It is unclear why defendant has filed this objection, as the M&R clearly states that it recommends denying plaintiff's motion to amend as to the individual defendants with respect to plaintiff's Title VII and NCEEPA claims. The court agrees with the magistrate judge's recommendation. As such, defendant's objection is overruled as moot.

Plaintiff objects to the magistrate judge's recommendation to deny her motion to amend with regard to the Title VII and NCEEPA claims against the individual defendants. Plaintiff contends that eleventh amendment immunity is not automatic immunity and that individual defendants may be liable under Title VII under Hafer v. Melo, 502 U.S. 21 (1991). Hafer stands for the proposition that state officials, sued in their individual capacities, are "persons" within the meaning of 42 U.S.C. § 1983, and that the Eleventh Amendment does not bar § 1983 suits, nor are state officers absolutely

9

immune from personal liability under § 1983 solely by virtue of the official nature of their acts. 502 U.S. at 365. Hafer is irrelevant to the present case because plaintiff has not filed suit under § 1983. Plaintiff's objection states that she sued for "monetary damages under 41 U.S.C. § 1983," (Resp. 13), but neither the complaint nor the proposed amended complaint state § 1983 as a basis for her suit.

Section 1983 prohibits any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," from depriving the "rights, privileges, or immunities secured by the Constitution and laws" of an individual within the jurisdiction of the United States. 42 U.S.C. § 1983. The Fourth Circuit has held that "Title VII does not provide the exclusive remedy for discrimination in employment . . . , and public employees are entitled to bring a § 1983 action asserting Equal Protection claims." Campbell v. Galloway, 483 F.3d 258, 272 n.5 (4th Cir. 2007). The same burden-shifting analysis the court employed with respect to Title VII is applicable in an employment discrimination action under § 1983. See Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004).

The critical difference between Title VII and § 1983 is which entities may properly be named as defendants. Only an "employer" is liable under Title VII; as noted above, the statute does not permit individual liability. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). By contrast, a § 1983 claim generally may only be alleged against a state official acting in his or her individual capacity, see Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989), and a state department of administration would therefore not be a proper defendant, see Googerdy v. N.C. Agr. & Tech. State Univ., 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005) (excluding a state university from liability under § 1983 because it is an alter ego of the State of North Carolina); Holley, 2010 WL 2332155, at *1 (noting that NCDOA is an "arm of the state of North Carolina"). Here, plaintiff has

10

Case 5:10-cv-00414-FL Document 60 Filed 09/02/11 Page 10 of 17

properly brought her Title VII claim against NCDOA, but plaintiff cannot bring a Title VII claim against the individual defendants. Plaintiff has attempted to make arguments referencing § 1983 in her objections, but she has not included a proper claim under § 1983 in either her complaint or amended complaint. Likewise, individual defendants cannot be liable under NCEEPA, Chung v. BNR, Inc./Northern Telecom, Inc., 16 F. Supp. 2d 632, 634 (E.D.N.C. 1997), and as plaintiff did not object to or address this point, plaintiff's objections are overruled.

Lastly, plaintiff's objections to the M&R are confined primarily to her discussion of the individual defendants and she does not address the magistrate judge's findings regarding the NCEEPA claims or claims for punitive damages with regard to NCDOA. After careful review of the M&R, the court agrees with the magistrate judge's findings and does not address those issues herein. Accordingly plaintiff's motion to amend is denied with respect to the Title VII and NCEEPA claims against individual defendants and denied with respect to the NCEEPA and punitive damages claims against NCDOA.

    b.  Emotional Distress Claims

Defendant also objects to the magistrate judge's recommendation that plaintiff's motion to amend with regard to her claims for emotional distress against Allison, Boulden, Lind, and Branch, be allowed. Upon careful review of plaintiff's amended complaint, the M&R, and the responsive briefings, and keeping in mind plaintiff's *pro se* status, the court agrees with defendant that plaintiff's proposed amended complaint does not allege sufficient facts to state a claim for either intentional infliction of emotional distress or negligent infliction of emotional distress. See Cuffee v. Verizon Commc'ns, Inc., 755 F.Supp.2d 672, 677-81 (D. Md. 2010) (denying plaintiff's motion

for leave to file amended complaint because claims for emotional distress would not survive motion to dismiss and therefore amendment considered futile).[3]

Reading the proposed amended complaint in the light most favorable to plaintiff, she alleges both intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). The "essential elements" of an action for intentional infliction of emotion distress are: "1) extreme and outrageous conduct by the defendant, 2) which is intended to and does in fact cause 3) severe emotional distress." Waddle v. Sparks, 331 N.C. 73, 82-83, 414 S.E.2d 22, 27 (1992). Whether the alleged conduct is sufficiently extreme and outrageous is a question of law. Thomas v. Northern Telecom, 157 F.Supp.2d 627, 635 (W.D.N.C. 2000). To be considered "extreme and outrageous" the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (citing Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 493, 390 S.E.2d 116, 123 (1986)). To show extreme and outrageous conduct in the employment context, there is an "extremely rigorous standard." Thomas, 157 F.Supp.2d at 635. Discharge from employment, even if unlawful, does not by itself amount to outrageous conduct. English v. Gen. Elec. Co., 977 F.2d 572 at *7 (4th Cir. 1992) (citing Haburjak v. Prudential Bache Securities, 759 F.Supp. 293 (W.D.N.C. 1991)). Similarly, demotion alone does not amount to outrageous conduct. Id. (citing Hardin v. Champion Int'l Corp., 685 F.Supp. 527 (W.D.N.C. 1987)).

---

[3] In recommending that plaintiff's motion to amend should be granted with respect to the emotional distress claims against Allison, Boulden, Lind, and Branch, the magistrate judge cited Walton v. N.C. Dep't of Agric. & Consumer Servs., No. 5:09-CV-302-FL, slip. op. at 4 (E.D.N.C. Feb. 15, 2010). While the court acknowledges that it permitted amendment of a complaint including emotional distress claims in that case, the court finds that the present case is distinguishable. Here, unlike in Walton, after careful review of the proposed amended complaint, the court has determined that none of plaintiff's emotional distress claims would survive a motion to dismiss.

12

Case 5:10-cv-00414-FL Document 60 Filed 09/02/11 Page 12 of 17

The court finds that even reading the facts as alleged in plaintiff's proposed amended complaint in the light most favorable to her, plaintiff has not plead facts sufficient to meet the first element a claim for IIED. Plaintiff contends that defendant retaliated against her in violation of Title VII, discriminated against her on the basis of her sex and religion, denied plaintiff job assignments, promotion and opportunities, and granted more favorable terms of employment to others. Plaintiff also alleges that defendant decided to "zero-in" on plaintiff and review her performance in an arbitrary manner and that she was given short deadlines to complete assignments that were impossible to meet. (Prop. Am. Compl. 5.) Plaintiff alleges that defendant assigned her more difficult and demanding work than was assigned to others, and that defendant subjected the female employees to more onerous working conditions which consisted of subjecting plaintiff to more rigorous review than others received. Plaintiff also alleges that she was not permitted to take days off for religious reasons, and that on a particular day she planned to take off, she was ordered to abandon her plans and remain at work on the pretext that she had not properly scheduled her time off. (Id. at 5.) Plaintiff alleges that her evaluations at work were subjective, inaccurate, and false, and that certain coworkers fabricated stories about plaintiff that were later found to be untrue.

The Fourth Circuit has acknowledged the stringent standard for outrageous conduct. In Keziah v. W. M. Brown & Son, 888 F.2d 322 (4th Cir. 1989), the district court's grant of summary judgment for defendant was affirmed on plaintiff's IIED claim when plaintiff alleged, among other things, that her telephone messages were withheld and used by male sales representatives to usurp her sales leads, information was secretly removed from her files and mail, and she was harassed, humiliated, and otherwise subject to an adverse employment environment. Id. at 326. The case law is replete with scenarios arguably more outrageous than what plaintiff has described that have been

13

found insufficient to constitute extreme and outrageous conduct. See, e.g., Smith v. Computer Task Group, Inc., 568 F.Supp.2d 603, 622 (M.D.N.C. 2008) (finding no extreme or outrageous conduct when employer allegedly intentionally terminated plaintiff's employment, health benefits, and worker's compensation benefits even though employer was aware of an injury plaintiff sustained while on the job); Atkins v. U.S.F. Dugan, Inc., 106 F.Supp.2d 799, 810-11 (M.D.N.C. 1999) (finding conduct not extreme or outrageous when employee was told he was too old and sick to handle his job and was allegedly terminated in violation of federal and state discrimination laws); Pardasani v. Rack Room Shoes, Inc., 912 F.Supp. 187, 192 (M.D.N.C. 1996) (finding conduct not extreme and outrageous when plaintiff alleged he was given poor performance evaluations, denied promotions available to others, excluded from training, and finally terminated); Hogan, 79 N.C. App. at 493-94, 340 S.E.2d at 122-23 (finding conduct not extreme or outrageous when coworker screamed and shouted at plaintiff, called her names, and threw menus at her).

Furthermore, many of plaintiff's allegations are conclusory recitations that conduct was extreme and cruel, that she was subject to mistreatment, and that she suffered "severe emotional distress," that "defendants' conduct was egregious, outrageous, extreme, and of the sort not to be tolerated in a civilized society," and that she suffered "physical pain and suffering" as a result of defendants' conduct. (Prop. Am. Compl. 2-9.) These kinds of allegations are conclusory, and without more than the facts as alleged, do not sufficiently raise a claim for IIED.

Plaintiff also makes a claim for NIED in her proposed amended complaint. To state a claim for NIED, a plaintiff must allege: (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress, and (3) the conduct did in fact cause the plaintiff severe emotional distress." McAllister v. Ha, 347 N.C.

14

638, 646, 496 S.E.2d 577, 582-83 (1998) (citations omitted). Plaintiff does not state a claim for NIED as to any of the defendants.

In a claim for NIED, a plaintiff cannot simply restate facts regarding intentional behavior that form the basis for a claim of IIED to form a claim for NIED. See, e.g., Mitchell v. Lydall, Inc., 1994 WL 38703, at *3 (4th Cir.1994) (finding a claim for NIED is subject to dismissal when "the material factual allegations charge nothing but intentional acts"); Bonham v. Wolf Creek Academy, 2011 WL 576956, at *11 (W.D.N.C. Feb. 9, 2011) (finding plaintiff stated insufficient facts to form a claim for NIED when plaintiff merely restated the same facts that were the basis for plaintiff's IIED claim). Additionally, even if plaintiff alleges negligent conduct, a plaintiff claiming NIED must still prove that her employer should have realized that its conduct involved an unreasonable risk of causing emotional distress. See Faulkner v. Tyco Electronics Corp., 552 F.Supp.2d 546, 559 (M.D.N.C.,2008) (citing Johnson v. Ruark Obstetrics and Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)). The plaintiff must also show that her employer was aware that such distress might result in illness or bodily harm. Id.

While plaintiff's proposed amended complaint confuses her claims for IIED and NIED, the court, liberally construing plaintiff's *pro se* filing, has fully considered plaintiff's proposed claims for NIED, and finds that amendment would be futile. Plaintiff has not sufficiently stated a claim for NIED. In particular, plaintiff has not alleged that defendant or proposed defendants engaged in negligent conduct. Notably, plaintiff's proposed amended complaint states that defendants practiced "intentional" bias against women and engaged in a practice of "intentional discrimination." (Prop. Am. Compl. 5, 7.) Plaintiff likewise alleges that defendants "designed and intended to inflict severe emotional distress" upon her. (Id.) While plaintiff includes conclusory allegations that she suffered

15

emotional distress as a "proximate cause" of various defendants' actions, such statements do not form a claim for NIED. Even construing plaintiff's amended complaint liberally, the proposed amendment is futile.[4]

Accordingly, plaintiff's motion to amend her complaint with respect to the emotional distress claims is denied as to all defendants. The court has not allowed any of the claims in the proposed amended complaint to go forward because amendment would be futile, and as such, plaintiff's motion to amend is denied.

4.  Motion for Counsel

Plaintiff objects to the magistrate judge's denial of her motion for counsel. Upon review of the magistrate judge's ruling, the court agrees with the findings as laid out in the M&R. As such, plaintiff's objection is overruled.

5.  Pending Discovery Motions

There are currently several pending motions regarding discovery issues in this case. Not all of the motions are ripe. To promote efficiencies and ensure that this case proceeds expeditiously in light of the decisions reached herein, the court DIRECTS the Clerk to REFER the motions lodged at docket entries 38, 43, 48, and 56 to Magistrate Judge David W. Daniel.

---

[4] In light of the court's denial of plaintiff's motion to amend her complaint with respect to her claims for emotional distress, it is unnecessary for the court to address several of defendant's objections, including defendant's objections that IIED and NIED cannot be brought in federal court, defendant's objections regarding its discovery requests related to plaintiff's claims for emotional distress, and its arguments related to immunity of public officials from liability for negligent conduct.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge as set forth above, GRANTS in part and DENIES in part defendant's motion to dismiss (DE # 9), and DENIES plaintiff's motion to amend (DE # 16). Motions lodged at docket entries 38, 43, 48 and 56 are REFERRED to Magistrate Judge Daniel.

SO ORDERED, this the 1st day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge