IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-414-FL

| | | |
|---|---|---|
| LINDA K HUGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| N.C. DEPT. of ADMINISTRATION, N.C. | ) | |
| HUMAN RELATIONS COMMISSION,, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's *pro se* motion to postpone trial date pending immediate appeal of this court's September 2, 2011, order (DE # 63), and plaintiff's *pro se* motion for Rule 54(b) certification of final judgment and request for interlocutory appeal (DE # 64). No response was filed to either motion. The time for filing response having passed, the issues raised are ripe for review. For the following reasons, plaintiff's motion to postpone trial is granted in part and denied in part as moot, and plaintiff's motion for Rule 54(b) judgment or certification for interlocutory appeal is denied.

## STATEMENT OF THE CASE

A detailed recitation of the case history is found in the court's order entered September 2, 2011, lodged on the docket at entry 60. The order adopted the magistrate judge's recommendation, and granted in part and denied in part defendants' motion to dismiss. The court denied plaintiff's motion to amend complaint, finding that amendment would be futile. The court also denied plaintiff's motion to appoint counsel. Additionally, several discovery-related motions were referred to the magistrate judge, which motions remain pending.

On September 9, 2011, plaintiff filed notice of appeal. Plaintiff's notice of appeal does not clearly state the basis for her appeal, however the instant motions reveal that plaintiff appeals the court's September 2, 2011, order. The same day plaintiff filed her notice of appeal, she filed the instant motions. Plaintiff requests the trial date be postponed pending her appeal. Plaintiff also seeks certification of final judgment pursuant to Federal Rule of Civil Procedure 54(b) for immediate appeal, presumably with regard to the court's September 2, 2011, order. In the alternative, plaintiff requests the court to enter order allowing interlocutory appeal of its September 2, 2011, order under 28 U.S.C. § 1292.

## DISCUSSION

A.   Motion for 54(b) Judgment and Interlocutory Appeal

Rule 54(b) of the Federal Rules of Civil Procedure provides that when an action presents more than one claim for relief or multiple parties, the court

> [M]ay direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for the delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Rule 54(b) determinations allowing immediate appeal are the exception rather than the rule. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980). Separate, piecemeal appeals during a single litigation are often inefficient and uneconomical, and are contrary to the historic federal policy favoring one appeal on all issues at the conclusion of a lawsuit. Id. at 8.

To determine whether to grant a Rule 54(b) determination, the district court must decide whether three prerequisites for immediately appealable partial judgment exist: (1) multiple claims or parties must be fully resolved; (2) there is no just cause for delay; and (3) judgment is entered as to one claim or party. See Fed. R. Civ. P. 54(b).

At this juncture, this case has not met the prerequisites required by the rule. No party has been fully resolved in this case and no claims have been dismissed that could be characterized as separate claims appropriate for final judgment. See Bridges v. Dep't of Maryland State Police, 441 F.3d 197, 207 (4th Cir. 2006) ("Rule 54(b) does not provide the parties or the district court with the authority to convert an order denying a motion to amend or denying reconsideration of that motion into an order that 'adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties,' as required by Rule 54(b)."); Corrigan v. Carmack, 5 Fed. App'x 333, at *1 (4th Cir. 2001) (dismissing appeal from district court order which, among other things, granted summary judgement in favor of all but one defendant and denied plaintiff's motion to amend, because the order was neither final nor an appealable interlocutory or collateral order).

A "claim" for purposes of Rule 54(b) is defined to include all legal grounds based on closely related facts. See Jordan v. Pugh, 425 F.3d 820, 827 (10th Cir. 2005); General Const. Co. v. Hering Realty Co., 312 F.2d 538, 540 (4th Cir. 1963). Multiple claims exist under 54(b) where each claim is factually separate and independent. Curtiss-Wright Corp., 446 U.S. at 6; Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157 (7th Cir. 1997) (noting that the test for "separate claims" is whether the claim at issue so overlaps the claims remaining that any appeal at the end of the case on the remaining claims would require the appellate court to cover the same ground addressed on the Rule 54(b) appeal). Here, contrary to plaintiff's assertion that the district court has disposed of

3

plaintiff's causes of action, the district court has only dismissed part of plaintiff's claim and denied plaintiff's motion to amend for futility.[1] Plaintiff's race discrimination claim under Title VII was dismissed for failure to exhaust, but plaintiff's Title VII claims alleging religious and sex discrimination and retaliation remain. Furthermore, the claims in the proposed amended complaint arose out of the same factual scenarios that involve the remaining claims. To allow a 54(b) appeal from the dismissed claims would undoubtedly require the court of appeals to go over the same facts if appeal from the remaining claims were had.

For the foregoing reasons, the court cannot state that Rule 54(b) appeal is proper, and cannot state that there is "no just cause for delay" of appeal of the dismissed claims. Fed. R. Civ. P. 54(b). As such, the court denies plaintiff's motion for Rule 54(b) judgment.

In the alternative, plaintiff requests certification for interlocutory appeal under 28 U.S.C. § 1292. The right to a federal appeal is a "creature of statute," and exists only to that extent granted by Congress. Abney v. United States, 431 U.S. 651, 656 (1977). Congress has vested the courts of appeals with jurisdiction to hear appeals from "final decisions" of the district courts. See 28 U.S.C. § 1291. There are some limited exceptions to this general rule. See 28 U.S.C. § 1292. Certain types of rulings are immediately appealable, notwithstanding the fact that they are not "final orders." See § 1292(a) (providing for appeals of injunctions, receivers, and interlocutory decrees in admiralty cases). Section 1292 also provides for discretionary interlocutory appeals, which allow, in certain

---

[1] Plaintiff also asserts in her motion that the court "completely ignored" her surreply in its consideration of the M&R "under the auspice that plaintiff did not seek leave to file said Surreply." (Pl.'s Mot. J. 1-2.) Plaintiff is incorrect. While the court did admonish plaintiff in its September 2, 2011, order, for filing surreply without leave of court, in violation of the local rules, the court clearly stated that in consideration of plaintiff's *pro se* status it did consider the surreply in its decision.

4

limited situations, for a district court, in its discretion, to choose to certify a non-final, interlocutory order as eligible for immediate appellate review. § 1292(b).

For a party to appeal an interlocutory determination, the district court must, in writing, state its opinion that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). Additionally, the application for such an appeal does "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." Id. The court's order of September 2, 2011, does not involve a controlling question of law as to which there is substantial ground for difference of opinion. In fact, the court's decisions in that order were based on a large body of case law that supports its holdings. As such, the court cannot certify that its order is appropriate for interlocutory appeal, and plaintiff's motion for certification is denied.

B.  Motion to Postpone Trial Date

Plaintiff's motion to postpone trial date seeks additional time for the appellate court to decide her appeal, which appeal has been discussed herein and denied. In light of the court's denial of plaintiff's motion for Rule 54(b) judgment and certification for interlocutory appeal, plaintiff's motion is denied as moot in part.

However, the court notes that discovery in this case has been delayed, as is evidenced by various discovery related motions currently pending for consideration by the magistrate judge. The court also notes that the parties have not yet engaged in extensive motions practice and dispositive motions, for the most part, have not been filed. As such, the case will not be ready for trial in a few

5

months as scheduled, and plaintiff's motion to postpone trial is granted in part. The Clerk is directed to remove this case from the court's civil docket in January 2012.

In order to promote efficiencies in case scheduling, the court waits for benefit of the magistrate judge's M&R on the parties' various pending discovery motions. Upon this court's consideration of the M&R, with benefit of the parties' objections, if necessary, this court will enter further order as is appropriate to promote the efficient scheduling of this case, particularly the setting of a new trial date.

## CONCLUSION

For the foregoing reasons, plaintiff's *pro se* motion to postpone trial date pending immediate appeal of this court's September 2, 2011, order (DE # 63) is GRANTED in part and DENIED in part as moot, and plaintiff's *pro se* motion for Rule 54(b) certification of final judgment and request for interlocutory appeal (DE # 64) is DENIED.

SO ORDERED, this the 5² day of November, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge