IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-00414-FL

| | |
|---|---|
| LINDA K HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NC DEPT. OF ADMINISTRATION, ) | |
| NC HUMAN RELATIONS COMMISSION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's motion to compel [DE-38] and motion to amend the Case Management Order ("CMO") [DE-43] and on Plaintiff's motion for miscellaneous relief [DE-48] and motion to compel [DE-56], which have been referred to the undersigned by Judge Flanagan for memorandum and recommendation [DE-60 & 69].

For the reasons stated below, it is hereby **RECOMMENDED** that Defendant's motion to compel be **GRANTED IN PART AND DENIED IN PART**; that Defendant's motion to amend the CMO be **GRANTED**; that Plaintiff's motion for miscellaneous relief be **DENIED**; and that Plaintiff's motion to compel be **DENIED**.

## STATEMENT OF THE CASE AND THE FACTS

Plaintiff was employed by Defendant, North Carolina Department of Administration, North Carolina Human Relations Commission ("NCDOA"), from May 1, 2004, until she was terminated on January 30, 2009. In her complaint, Plaintiff alleged that in August 2006 she began to experience discriminatory treatment from Director George Allison in the form of poor evaluations, written warnings, and verbal assaults and threats. Plaintiff subsequently filed two EEOC charges, the first on or about May 18, 2008 and the second on or about March 16, 2009,

alleging discrimination based on sex, religion, and retaliation. On July 9, 2010, Plaintiff received a right to sue letter from the EEOC.

On October 7, 2010, proceeding *pro se* and *in forma pauperis*, Plaintiff filed her complaint alleging discrimination based on race, sex, religion and retaliation in violation of Title VII of the Civil Rights Act of 1964. On November 5, 2010, Defendant filed a Rule 12(b) motion to dismiss for insufficient service of process and failure to state a claim upon which relief can be granted. On November 29, 2010, Plaintiff filed a motion for leave to amend her complaint to add several individual defendants, claims for discrimination in violation of North Carolina state law and for emotional distress, and a request for punitive damages. On September 2, 2011, the Court denied the motion to dismiss for insufficient service of process, but dismissed Plaintiff's race discrimination claim for failure to exhaust her administrative remedies and denied Plaintiff's motion to amend. [DE-60.] Therefore, Plaintiff's sole remaining claims are her Title VII claims based on sex, religion and retaliation.

## DISCUSSION

### I. Defendant's Motion to Compel [DE-38]

On May 6, 2011, Defendant served interrogatories and requests for production of documents on Plaintiff, to which Plaintiff responded in a filing with the court on June 6, 2011 [DE-36]. Defendant notified Plaintiff by letter dated June 16, 2011, of its perceived deficiencies in her responses and requested that she supplement her responses prior to July 6, 2011. Plaintiff failed to respond to the letter or to supplement her responses, and Defendant filed the instant motion.

Defendant first contends that Plaintiff's objections to Interrogatory Nos. 2, 5, 7, 8, and 9 are improper. Each interrogatory will be addressed in turn.

Interrogatory No. 2 pertains to Plaintiff's race claim, which has been dismissed by the Court and is no longer relevant. Therefore, it is recommended that Defendant's motion be denied as to Interrogatory No. 2.

Interrogatory No. 5 pertains to Plaintiff's retaliation claim and seeks the factual basis for that claim, including individuals alleged to have committed the acts of retaliation and any witnesses to those acts. Plaintiff responded by defining retaliation and making a general allegation that the defendants listed in Plaintiff's complaint had attempted to harm and discredit her and to have her terminated because she reported certain abuses. Pl.'s Resp. at 3 [DE-36]. Plaintiff's response is insufficient in that it makes conclusory allegations and fails to specifically answer the interrogatory. Plaintiff should be required to state the *specific acts* that form the basis of her retaliation claims, to name the individuals who committed the alleged retaliation, and to name any witnesses to the alleged retaliation, as requested in the interrogatory. Therefore, it is recommended that Defendant's motion be granted as to Interrogatory No. 5.

Interrogatory No. 7 seeks the identity of all persons Plaintiff believes may have information regarding this case and the substance of that information. Plaintiff responded that she had already provided that information in her initial disclosures. *Id.* at 5. The Federal Rules require that each interrogatory be answered "separately and fully." Fed. R. Civ. P. 33(b)(3). This requirement has been interpreted to exclude answering by reference to other documents such as pleadings, depositions, or other discovery responses. *Anderson v. Caldwell Cnty. Sheriff's Office*, No. 1:09cv423, 2011 WL 2414140, at *4 (W.D.N.C. June 10, 2011) (citing *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006); *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000); *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992); *Martin v. Easton Pub'n Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980)). Furthermore, the Rule 26(a)

initial disclosures only require a party to provide information that it "may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Because the information requested in Interrogatory No. 7 is broader than the information required to be disclosed by Rule 26(a)(1), Plaintiff's reference to her initial disclosures is insufficient. Therefore, it is recommended that Defendant's motion be granted as to Interrogatory No. 7.

Interrogatory No. 8 seeks the identity of each person who prepared or assisted Plaintiff in preparation of her responses to the interrogatories. Plaintiff responded that she "is intelligent enough to respond to these interrogatories." Pl.'s Resp. at 5. This interrogatory is routine, and Plaintiff should answer it in a straightforward manner. Therefore, it is recommended that Defendant's motion be granted as to Interrogatory No. 8.

Interrogatory No. 9 seeks the identity of documents in Plaintiff's possession, custody, or control with information relevant to this action. Plaintiff responded that she had already produced these documents to Defendant and that the request was "vexing, annoying and harassing." *Id.* As explained above with respect to Interrogatory No. 7, a Plaintiff generally may not answer an interrogatory by reference to other discovery. Even the Business Records exception found in Rule 33(d), which has not been invoked in this case, provides that where documents are produced in lieu of answering, the responding party must specify "the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P 33(d)(1). Again, this interrogatory is routine, and Plaintiff should respond as requested. Therefore, it is recommended that Defendant's motion be granted as to Interrogatory No. 9.

Defendant next contends that Plaintiff's objections to Document Requests 1-4 are improper. Plaintiff stated in response to each of these requests that "Defense counsel is in possession of said requests." Pl.'s Resp. at 6. To the extent Plaintiff is relying on her initial disclosures, Rule 26(a)(1) limits initial disclosures of documents to those that a party "may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P 26(a)(1)(A)(ii). The Defendant's requests are broader than the Rule 26 initial disclosures; therefore, Plaintiff's response is inadequate. Furthermore, there appears to be no undue burden on Plaintiff in responding. Rule 34 requires only that Plaintiff permit Defendant to inspect and copy responsive documents and does not require her to copy documents for Defendant. Fed. R. Civ. P. 34(a)(1); *see Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 575 (D. Md. 2010) (concluding that the responding party "was not obligated to photocopy the documents and mail them to [the requesting party]," but instead "only was obligated to make the documents available [] for inspection and copying."). Therefore, it is recommended that Defendant's motion be granted as to Document Requests 1-4.

In summary, it is **RECOMMENDED** that Defendant's motion to compel be **GRANTED** as to Interrogatory Nos. 5, 7, 8, and 9 and Document Request Nos. 1-4 and be **DENIED** as to Interrogatory No. 2.

## II.  Defendant's Motion to Amend Scheduling Order [DE-43]

Defendant requested that the deadline for deposing witnesses be extended until 30 days after Plaintiff has supplemented her responses to Defendant's discovery requests, that the deadline for filing potentially dispositive motions be extended until 60 days after Plaintiff has supplemented her responses to Defendant's discovery requests, and that a new trial date be set by separate order. In response, Plaintiff sets forth the text of the Court's January 14, 2011 CMO

5
Case 5:10-cv-00414-FL   Document 70   Filed 01/30/12   Page 5 of 9

entered in this case and contends that Defendant seeks to circumvent the Court's scheduling order, that the motion is untimely, and that there is no good cause to grant the motion. [DE-45.] Plaintiff also contends that Defendant failed to make its initial disclosures. Defendant filed a reply stating, among other things, that it did not receive discovery requests from Plaintiff. [DE-46.]

Defendant filed its motion to extend the deposition and dispositive motions deadlines on July 19, 2011. The deposition deadline was August 7, 2011, CMO § I.C, and the dispositive motions deadline was September 7, 2011, *id.* § II.D. Therefore, Defendant's motion was not filed after the deadlines had expired. Additionally, Defendant's need for the requested extensions was based on alleged deficiencies in Plaintiff's discovery responses. Having determined that Plaintiff's responses were in fact deficient, there is good cause to grant the requested extensions so that Defendant may receive Plaintiff's supplemental responses prior to conducting depositions and filing dispositive motions.

With respect to Plaintiff's allegation that Defendant failed to make initial disclosures, Defendant appears to have interpreted this as an allegation that it failed to respond to discovery requests and has denied being served with any such discovery requests. The allegation that Defendant did not make its required initial disclosures does not provide a basis to deny the motion to amend, and Plaintiff has raised that issue in her motion for miscellaneous relief, which is addressed below.

As to the request for a new trial date, it is noted that this case has been removed from the trial calendar, and the Court, in ruling on another motion, stated that a new trial date would be set by further order. Nov. 8, 2011 Order at 6 [DE-69].

Therefore, it is **RECOMMENDED** that Defendant's motion to amend be **GRANTED**.

6
Case 5:10-cv-00414-FL   Document 70   Filed 01/30/12   Page 6 of 9

### III. Plaintiff's Motion for Miscellaneous Relief [DE-48]

Plaintiff contends that Defendant failed to make its initial disclosures as required by Rule 26(a)(1) and section I.A. of the CMO. Plaintiff further contends that, as a result, she has suffered the irreparable prejudice of being unable to prepare for trial and that she should be granted default judgment. Defendant did not respond to this motion. However, in its response to another of Plaintiff's filings, which response was filed one week after Plaintiff filed her motion for miscellaneous relief, Defendant indicated that it served its Rule 26 initial disclosures on Plaintiff on January 20, 2011, and attached a copy of those disclosures. Def.'s Resp. to Pl's Surreply, Ex. 1 [DE-50].

It appears that Defendant did in fact make its Rule 26 initial disclosures, and that no sanction is appropriate. Furthermore, "[u]under the law of this Circuit, default judgments are disfavored[.]" *St. Paul Surplus Lines Ins. Co. v. Davis*, 983 F.2d 1057, 1993 WL 3064, at *2 (4th Cir. Jan. 8, 1993). Finally, Plaintiff was not precluded from seeking information from Defendant through discovery; thus, there is no support for Plaintiff's alleged irreparable prejudice.

Therefore, it is **RECOMMENDED** that Plaintiff's motion for miscellaneous relief be **DENIED**.

### IV. Plaintiff's Motion to Compel [DE-56]

On August 8 and 12, 2011, Plaintiff filed with the Court interrogatories, requests for admissions and requests for production of documents directed to Defendant. [DE-49 & 52.] On August 15 and 16, 2011, Defendant responded, likewise through a filing with the Court, that the discovery requests were untimely and asked that Defendant not be required to respond. [DE-51

& 54.] On August 26, 2011, Plaintiff filed a reply to Defendant's responses [DE-55] and the instant motion to compel [DE-56].

Plaintiff contends that because Defendant's motion to extend certain CMO deadlines was still pending when she served the discovery, her requests were not untimely. Defendant counters that it only requested extension of the deposition and dispositive motions deadlines and that no party had requested an extension of the deadline to serve written discovery, which was June 7, 2011.

Plaintiff is proceeding *pro se* in this action, and is entitled to some leniency. However, this does not exempt Plaintiff from adherence to the Court's orders. As the Supreme Court has stated, "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Khan v. Chevrolet*, No. 5:10-cv-33-F, 2010 WL 5477268, at *4 (E.D.N.C. Dec. 30, 2010) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Plaintiff served her discovery requests two months after the discovery deadline, and there is no ambiguity in the CMO, which provides that "[a]ll discovery shall be commenced or served in time to be completed by **June 7, 2011**, except for depositions, both fact and expert, which shall be completed by **August 7, 2011**." CMO § I.C (emphasis in the original). Additionally, Defendant only requested extension of the deposition and dispositive motions deadlines and not the general discovery deadline at issue here. While it appears that Plaintiff believed that the CMO deadlines were tolled, as reflected in her response to Defendant's motion to amend in which she refers to the "'Tolled' Case Management/Scheduling Order," Pl.'s Resp. at 1, 12 [DE-45], Defendant's motion to amend the CMO was filed over a month *after* the discovery deadline had passed. Therefore, any arguable "tolling" of the discovery deadline based on Defendant's
8

motion to amend would not excuse Plaintiff's failure to timely serve the discovery requests that were due *prior to* the filing of Defendant's motion. Plaintiff has shown no good cause to excuse the untimely service of her discovery requests. Therefore, it is **RECOMMENDED** that Plaintiff's motion to compel be **DENIED**.

## CONCLUSION

It is hereby **RECOMMENDED** as follows:

(1) that Defendant's motion to compel [DE-38] be **GRANTED** as to Interrogatory Nos. 5, 7, 8, and 9 and Document Request Nos. 1-4 and be **DENIED** as to Interrogatory No. 2;

(2) that Defendant's motion to amend [DE-43] be **GRANTED**;

(3) that Plaintiff's motion for miscellaneous relief be **DENIED**; and

(4) that Plaintiff's motion to compel be **DENIED**.

The clerk shall send copies of this Order and Memorandum and Recommendation to the parties who have fourteen days (14) after receiving it to file written objections. Failure to file timely written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report, and, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This the 30th day of January, 2012.

David W. Daniel
United States Magistrate Judge

9
Case 5:10-cv-00414-FL   Document 70   Filed 01/30/12   Page 9 of 9