IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-414-FL

| | |
|---|---|
| LINDA K HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| N.C. DEPT. of ADMINISTRATION, N.C. ) | |
| HUMAN RELATIONS COMMISSION, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to compel (DE # 38) and motion to amend the case management order ("CMO") (DE # 43), and on plaintiff's *pro se* motion for miscellaneous relief (DE # 48) and *pro se* motion to compel (DE # 56). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommends that the court grant in part and deny in part defendant's motion to compel, grant defendant's motion to amend the CMO, and deny plaintiff's motion for miscellaneous relief and plaintiff's motion to compel. Plaintiff timely filed objections to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge in full.

## BACKGROUND

The factual and procedural history of this case is set forth in the M&R and the court's prior orders, and neither party raises objection to the same, except as addressed below. As such, the court incorporates by reference the statement of the case and facts as laid out in the M&R (M&R 1-2.)

Plaintiff appears to raise a factual objection regarding the number of charges she filed with the Equal Employment Opportunity Commission ("EEOC"). Title VII provides in relevant part that "[i]f a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . . within ninety days after the giving of [the right-to-sue-letter] a civil action may be brought against the respondent named in the charge . . . ." 42 U.S.C. § 2000e-5(f)(1). The record in this case reflects that plaintiff filed two charges with the EEOC - the first charge was filed on or about May 18, 2008, and the second was filed on or about March 16, 2009. In these charges, plaintiff alleged discrimination based on sex, religion, and retaliation. (See Order of September 2, 2011 at 2.) On or about July 9, 2010, plaintiff received a right to sue letter from the EEOC (Id.)

Plaintiff contends that the "magistrate judge erred in stating that the plaintiff filed only 'two EEOC charges . . . .'" (Pl.'s Obj. 2.) Plaintiff then goes on to cite multiple exhibits attached to her objections which she contends are evidence that she "specifically asked" that various complaints, charges and allegations be included with her existing charges or used to open new charges. (Pl.'s Obj. 2.) As a preliminary matter, the court notes that various court orders in this case have referenced the history of plaintiff's EEOC charges, and plaintiff has never objected to the same. Furthermore, the documentation plaintiff has submitted in support of her contention, while varied, does not alter the facts in the record which suggest that plaintiff filed the two EEOC charges in 2008 and 2009 and received a right to sue letter in July 2009.

The documentation plaintiff has submitted does not consist of different EEOC charges; but rather, consists of a plethora of documents, including some filed with the EEOC in support of the already referenced EEOC charges and correspondence with state administrative agencies and officials. As such, to the extent plaintiff makes a factual objection regarding her EEOC charges,

2

specifically that she filed more EEOC charges than the 2008 and 2009 charges previously noted in the record, the objection is overruled.[1]

**DISCUSSION**

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.   Analysis

Plaintiff, proceeding *pro se*, lodges various objections to the M&R, some of which are difficult to follow. The court has carefully reviewed all of plaintiff's objections, addressing each below.

First, plaintiff ostensibly objects to the portion of the M&R in which the magistrate judge recommends granting in part defendant's motion to compel. (M&R 2-5.) Plaintiff contends that

---

[1] As noted herein, discovery in this case is ongoing on plaintiff's remaining claims, which are claims under Title VII of discrimination based on sex and religion and retaliation. The time for filing dispositive motions also has not passed, and the deadline for the same is extended herein. With regard to the factual objections lodged by plaintiff regarding her EEOC charges, the court notes for the record that now is not the time for the court to weigh factual disputes. The court merely clarifies the record and relevant case history, particularly in light of plaintiff's *pro se* status.

3

defendant's interrogatories are overly broad and immaterial, that defendant did not designate with specificity the documents it seeks and that plaintiff is entitled to attorney work product privilege. These allegations are conclusory and do not offer argument as to why specific objections or requests for documents are overly broad or burdensome. Nor does the court's review reveal the interrogatories to be burdensome, and in fact agrees with the magistrate judge that the requests are generally standard ones to which plaintiff must respond more fully. (See M&R 3-5.) Upon review of the M&R, the court agrees with the conclusions of the magistrate judge, and plaintiff's objections as to the analysis of defendant's motion to compel are overruled.

Plaintiff next objects to the magistrate judge's analysis of defendant's motion to amend the scheduling order. Plaintiff's objection is difficult to follow and seems to assert that defendant's motion to amend the CMO is untimely. The court reiterates what the magistrate judge pointed out, that defendant's motion to amend the CMO was filed *before* the deadlines for depositions and dispositive motions passed. As such, the court does not agree with plaintiff that defendant's motion was untimely. As such, plaintiff's objection is overruled.[2]

The bulk of plaintiff's remaining objections essentially ask the court to reconsider its decision to deny plaintiff's motion for leave to amend complaint, which motion was denied by the court, memorialized in order lodged on the docket at entry 60.[3] Plaintiff has already expressed dissatisfaction with the court's order. Specifically, plaintiff sought leave for Rule 54(b) certification

---

[2] Plaintiff also argues that defendant's motion to dismiss and "disguised summary judgment motion" are moot in light of plaintiff's amended complaint. This argument is unrelated to the precise issues addressed in the M&R. Furthermore, the court notes that defendant has not yet filed a motion for summary judgment in this case, as the time to file dispositive motions has not yet passed in light of the court's adoption of the M&R and extension of the deadlines to conduct depositions and file dispositive motions.

[3] Specifically, the court denied plaintiff's motion to amend because amendment was futile. (See Order of September 2, 2011 8-15.)

4

of final judgment, or in the alternative, requested leave from this court to file interlocutory appeal with the court of appeals. The court denied these requests in order lodged on the docket at entry 69. The court's orders have amply set forth the reasons for its denial of plaintiff's motion to amend, and those reasons are not necessary to reiterate again here. Instead, the court makes specific reference to its order at docket entry 60, as well as its order at docket entry 69. The court declines to alter or reconsider its decision denying plaintiff's motion to amend, and any objections directed to this end are overruled.[4]

Lastly, plaintiff objects to the magistrate judge's recommendation that plaintiff's motion to compel discovery be denied. The basis of this objection seems to be that if the court grants defendant's motion to compel, fairness dictates that the court must also grant plaintiff's motion to compel. However, as the magistrate judge noted, plaintiff served her discovery requests two months *after* the discovery deadline. The court agrees with the conclusions of the magistrate judge on this point. While it does appear that plaintiff's argument is based on a belief that the deadlines in the CMO were tolled, such belief was not reasonable in light of the fact that the discovery deadline was never extended in this case. Defendant only requested extension of the deposition and dispositive motions deadlines and not the general discovery deadline. Further, as noted by the magistrate judge, if it was defendant's motion to amend the CMO that gave the plaintiff the idea that the deadlines in the CMO were tolled, again, such an assumption is not reasonable considering the fact that defendant's motion to amend the CMO was filed over a month *after* the discovery deadline in this

---

[4] Where the court has now addressed its denial of plaintiff's motion to amend, its denial of entry of final judgment, and its denial of certification for interlocutory appeal multiple times, further motions requesting this specific relief will be summarily denied.

5

case had passed. As such, the court adopts the recommendation of the magistrate with regard to the denial of plaintiff's motion to compel and overrules plaintiff's objection to the same.[5]

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge as set forth above.

In summary, defendant's motion to compel (DE # 38) is GRANTED as to Interrogatory Nos. 5, 7, 8, and 9, and Document Request Nos. 1 - 4, and is DENIED as to Interrogatory No. 2.

Defendant's motion to amend the CMO (DE # 43) is GRANTED. Accordingly, the CMO is hereby AMENDED to reflect the following deadlines:

(1) The deadline for deposing witnesses is **thirty (30) days** after plaintiff has supplemented her responses to defendant's discovery requests as ordered herein. Defendant is DIRECTED to provide notice to the court upon its receipt of plaintiff's responses, to allow the clerk to note when the thirty (30) day period begins.

(2) The deadline for dispositive motions is **sixty (60) days** after plaintiff has supplemented her responses to defendant's discovery requests as ordered

---

[5] To the extent plaintiff's objection cites Rule 16(b), the court, as described herein and in the M&R, finds good cause to amend the CMO to extend the deposition and dispositive motions deadlines. Finding no good cause to extend any other deadline, all other deadlines remain in full force and effect, with the trial date to be determined at a later date after dispositive motions have been filed. Additionally, plaintiff cites to Rule 13(f) of the Federal Rules of Civil Procedure. However, the court's review reveals that particular subsection has been abrogated. No other subsection of Rule 13, which governs counterclaims and cross claims, appears relevant to the issues at hand, and the court disregards this citation.

herein. Defendant is similarly DIRECTED to provide notice to the court upon its receipt of plaintiff's responses to allow the clerk to note when the sixty (60) day period begins.

Plaintiff's *pro se* motion for miscellaneous relief (DE # 48) and *pro se* motion to compel (DE # 56) are DENIED.

SO ORDERED, this the 22nd day of February, 2012.

LOUISE W. FLANAGAN
United States District Judge