IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00414-FL

| | |
|---|---|
| LINDA K HUGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| NC DEPT. OF ADMINISTRATION, | ) |
| NC HUMAN RELATIONS COMMISSION, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the *pro se* plaintiff's motion for protective order and to quash the taking of her deposition (DE # 84).[1] Plaintiff also filed a notice to defendant that she would seek a protective order to preclude her deposition, which notice attaches exhibits in support of her motion. Defendant has filed a response in opposition to the motion, and plaintiff has filed a reply.[2] The motion is now ripe for disposition. For the reasons stated below, plaintiff's motion for protective order is DENIED.

## BACKGROUND

Plaintiff was employed by defendant, North Carolina Department of Administration, North Carolina Human Relations Commission ("NCDOA"), from May 1, 2004 until her termination on January 30, 2009. In her complaint, plaintiff alleges that in August 2006 she began to experience discriminatory treatment from Director George Allison in the form of poor

---

[1] It is unclear whether defendant issued a subpoena to plaintiff commanding her to appear at the deposition. Neither party has provided a copy of any such subpoena, nor stated that a subpoena was issued to plaintiff. Accordingly, the court will evaluate the motion simply as one for a protective order and will not address the alternative motion to quash, which essentially seeks the same relief—that defendant be precluded from deposing plaintiff.
[2] Pursuant to the court's Local Rules, replies to discovery motions are not permitted. Local Civil Rule 7.1(f)(2). Accordingly, the court will disregard plaintiff's reply.

evaluations, written warnings, and verbal assaults and threats.  Plaintiff subsequently filed two Equal Employment Opportunity Commission ("EEOC") charges, the first on or about May 18, 2008 and the second on or about March 16, 2009, alleging discrimination based on sex, religion, and retaliation.  On July 9, 2010, plaintiff received a right to sue letter from the EEOC.

On October 7, 2010, proceeding *pro se* and *in forma pauperis*, plaintiff filed her complaint alleging discrimination based on race, sex, religion, and retaliation in violation of Title VII of the Civil Rights Act of 1964.  On November 5, 2010, defendant filed motion to dismiss for insufficient service of process and failure to state a claim upon which relief can be granted.  On November 29, 2010, plaintiff filed a motion for leave to amend her complaint to add several individual defendants, claims for discrimination in violation of North Carolina state law and for emotional distress, and a request for punitive damages.  On September 2, 2011, the court denied the motion to dismiss for insufficient service of process, but dismissed plaintiff's race discrimination claim for failure to exhaust her administrative remedies and denied plaintiff's motion to amend.  Therefore, plaintiff's sole remaining claims are her Title VII claims alleging discrimination based on sex, religion, and retaliation.

Discovery then proceeded in this matter with both parties ultimately filing motions to compel.  On February 23, 2012, the court entered an order granting in part and denying in part defendant's motion to compel, denying plaintiff's motion to compel, and extending the case management deadlines for depositions and dispositive motions for 30 and 60 days, respectively, from the date when plaintiff filed her supplemental discovery responses as ordered.  On May 1, 2012, the court further extended the case management deadlines, at the request of defendant, and ordered that depositions be concluded by June 1, 2012 and that dispositive motions be filed by July 2, 2012.  Defendant then noticed plaintiff's deposition for May 30, 2012.  On May 29, 2012,

2
Case 5:10-cv-00414-FL   Document 88   Filed 06/07/12   Page 2 of 8

plaintiff filed the instant motion seeking a protective order and a notice to defendant that she would seek a protective order to preclude her deposition.

## DISCUSSION

Plaintiff contends that she is entitled to a protective order prohibiting defendant from taking her deposition because (1) defendant has already obtained the discovery sought through written discovery; and (2) due to plaintiff's medical condition it would be harmful to her health to be deposed. Defendant responded that it has a right to depose plaintiff notwithstanding the other discovery she has provided and that she has not made a sufficient factual showing of a medical condition that would justify imposition of a protective order. Each contention will be addressed in turn.[3]

A. Previous Written Discovery Does Not Preclude Oral Deposition

Plaintiff first contends that she has already provided defendant with a voluminous number of documents, that she has answered defendant's written discovery, that defendant has other means by which it can obtain information without "harassing and annoying" plaintiff and "subjecting her to extreme episodes of anxiety," and that defendant has access to the same information that plaintiff has in her possession. Pl.'s Mot. for Protective Order at 4.

The Federal Rules of Civil Procedure allow a party, by oral questions, to "depose any person, including a party, without leave of court[.]" Fed. R. Civ. P. 30(a)(1). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

---

[3] Plaintiff additionally stated in her motion that on February 23, 2012, the court entered summary judgment in favor of defendant and that she is seeking a Rule 54(b) certification of final judgment in addition to the relief sought with respect to her deposition. The February 23, 2012 Order to which plaintiff refers did not grant summary judgment to defendant, but was related to discovery disputes between the parties and scheduling issues. The court has already denied a prior request for a Rule 54(b) certification (DE # 69), and to the extent this is a new request, it has not been fully briefed and is unrelated to the substance of the instant motion. Accordingly, it will not be addressed at this time.

embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).[4] "[T]he court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action; or the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party is not required by the Federal Rules to utilize only one method of discovery to investigate claims and defenses. Furthermore, it is not unusual for a party to seek to further explore responses to written discovery through a deposition. See E.E.O.C. v. Luihn Food Sys. Inc., No. 5:09-cv-387-D, 2011 WL 649749, at *3 (E.D.N.C. Feb. 10, 2011) (citing Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 126 (D.D.C. 2005) ("By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery."); Fed. R. Civ. P. 26(d)(2) ("[M]ethods of discovery may be used in any sequence."). Likewise, "the availability of information from other sources does not by itself insulate the targeted source from discovery." Id. Here, plaintiff has not presented evidence that she has been subjected to unduly burdensome discovery, and the fact that defendant may have in its possession relevant information regarding the case does not prevent it from further exploring plaintiff's factual knowledge regarding her claims. Accordingly, without more, the fact that plaintiff has answered defendant's written discovery does not, under the circumstances, justify issuance of a protective order to preclude her deposition.

---

[4] Rule 26(c) requires that a motion for protective order include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Plaintiff failed to include such a certification in her motion. However, in light of the timing of the motion and scheduled deposition, the court will excuse the failure in this instance, but warns plaintiff that such a failure in the future may be grounds for summary denial of the relief sought.

B. Plaintiff's Medical Condition

Plaintiff next contends that due to her medical condition it would be harmful to her health to be deposed. She claims to have suffered a stroke at a prior unspecified time, allegedly due to stress from working for, or her wrongful termination by, defendant. She states that the further stress of a deposition will cause "acute hypertension which will in turn cause plaintiff a full stroke or intercranial bleeding and or intracerebral bleeds or hemorrhage that could lead to an aneurysm that would give-in to the stress causing the brain tissue to rupture and thus cause the death of the plaintiff." Pl.'s Mot. for Protective Order at 4-5.

In order to establish good cause for a protective order prohibiting a deposition, the movant must make "a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991) (citing Gulf Oil v. Bernard, 452 U.S. 89, 102 n.16 (1981)). Furthermore, "protective orders which totally prohibit a deposition 'should be rarely granted absent extraordinary circumstances.'" Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (quoting N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 84 (M.D.N.C. 1987)).

In support of her motion, plaintiff has submitted an affidavit in which she further states that she suffers from "Syncopal disease," which causes her to faint without warning, extreme anxiety attacks, and "Myocardial Injury," a heart condition that causes her to experience shortness of breath, numbness in the entire left side of her body, and tingling in her arms, feet, and legs. Pl.'s Notice to Def., Ex. C, Aff. of Linda K. Huggins ¶¶ 7-8, 10-11. Plaintiff also references her medical records submitted to defendant in discovery and filed with the court.

However, having carefully reviewed plaintiff's affidavit and medical records, the court finds that the medical records do not support that plaintiff's alleged conditions justify precluding her deposition.

Plaintiff has been to the emergency room twice this year, on January 21, 2012 and on May 22, 2012. According to her medical records, on January 21, 2012 she presented with a "headache" and the doctor diagnosed her as "post-concussive" from a head injury three weeks prior. Def.'s Resp., Ex.1 at 17-18. The doctor specifically stated that his evaluation demonstrated "no evidence of hemorrhage" and that a head CT was "negative for any acute traumatic injury such as strokes, tumors, bleed, mass effect, or hydrocephalus." Id. Plaintiff also noted having occasional chest pains, but her EKG was normal at that visit. Id. at 18. On May 22, 2012, plaintiff returned to the emergency room due to "extreme pains in her chest, shortness of breath, dizziness, acute headaches and numbness in the left side of her body," and she claims that the doctor diagnosed her with chronic paraesthesias that may have caused a stroke. Pl.'s Mot. for Protective Order at 2, ¶ 3. The medical records provided by plaintiff indicate that she was, in fact, diagnosed with paraesthesias, which is a burning or prickling sensation that is sometimes felt in legs, arms, feet or hands. Pl.'s Notice to Def., Ex. A at 2. The discharge instructions state that there are many possible causes for paraesthesias, one of which is stroke, but others are herniated disk, trapped nerve, or carpal tunnel, and there was no diagnosis of stroke. Id. It was recommended that plaintiff follow up with a neurologist to determine the cause of the paraesthesias, and she has stated that she has an appointment scheduled for June 5, 2012.

Earlier medical records from March 25, 2008 indicate that plaintiff had complaints consistent with paraesthesias when she visited the emergency room with numbness in her left

arm and thigh and that she expressed concern that she had experienced a stroke. Def.'s Resp., Ex. 1 at 7. However, all her symptoms were negative by the time she was seen by a doctor, and the doctor noted that he "highly doubt[ed] CVA [cerebral vascular accident or stroke], TIA [transient ischemic attack or mini-stroke], subarachnoid hemorrhage or intracranial tumor or bleeding." Id. at 8. Additionally, her EKG was normal, and the doctor noted "a very low probability of acute coronary syndrome." Id. Other medical records provided by plaintiff, which are not extensive, do indicate that she has a history of high blood pressure. However, there are no records that indicate she has received regular treatment for her conditions, and she has not provided a doctor's statement restricting her activity.

In sum, plaintiff's medical records provide little or no evidence that she has had a stroke or is at risk for stroke, contrary to the allegations in her motion and affidavit, or that she has another condition that would justify precluding her deposition. Therefore, plaintiff has failed to make a sufficient factual showing that she is entitled to a protective order, and the court finds no good cause to grant her motion.

## CONCLUSION

Plaintiff's motion for protective order and to quash the taking of her deposition (DE # 84) is DENIED. Plaintiff is ORDERED to make herself available for deposition, to be noticed and conducted in conformity with Rule 30 of the Federal Rules of Civil Procedure no later than **June 22, 2012**. Where the court here extends the deadline for depositions, it finds cause also to extend the dispositive motions deadline. Accordingly, dispositive motions shall be filed no later than **July 23, 2012**.

SO ORDERED, this the 7th day of June, 2012.

Louise W. Flanagan
United States District Judge