IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-414-FL

| | |
|---|---|
| LINDA K. HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| N.C. DEPT. of ADMINISTRATION, ) | |
| N.C. HUMAN RELATIONS ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court upon Plaintiff's motion to compel. (DE-107). Defendant has responded to this motion (DE-110), and the matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." F.R.Civ.P. 26(b)(1). The standard for relevance during the discovery phase differs from the standard employed at trial. In order to be relevant, the information "need not be admissible at the trial" but only "reasonably calculated to lead to the discovery of admissible evidence." Id. During discovery, relevance is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). See also, Carefirst of Md., Inc.

1

v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) (stating that discovery under the Federal Rules "is broad in scope and freely permitted"). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc., 268 F.R.D. 226, 243 (M.D.N.C. May 12, 2010) (collecting cases). "At the same time, 'discovery, like all matters of procedure, has ultimate and necessary boundaries .' " Oppenheimer Fund, Inc., 437 U.S. at 351 (*quoting* Hickman, 329 U.S. at 507). The instant motion shall now be analyzed based on these precepts.

Plaintiff was employed by Defendant from May 1, 2004 until her termination on January 30, 2009. In her complaint, Plaintiff alleges, *inter alia*, that in August 2006 she began to experience discriminatory treatment from Director George Allison in the form of poor evaluations, written warnings, and verbal assaults and threats.

The undersigned notes that this Court has already resolved several discovery and evidentiary disputes in this case. (DE's 29-32, 38-39, 43, 45, 46, 51, 54-59, 70, 75, 77, 80-88, 102-106). On October 3, 2012, this Court, *inter alia*, extended the deadline for deposing expert witnesses until December 20, 2012. (DE-106). Notably, the Court specifically indicated that it was not reopening the "other discovery deadlines, presently set for completion by September 1, 2012 and fact depositions set for completion by October 1, 2012." (DE-104).

Regardless, Plaintiff served several discovery requests upon Defendant on July 27, 2012. (DE-108-1). Defendant responded to these requests on or about August 23, 2012.

2

*Id.* Although these responses provided some discovery, Defendant also lodged a number of objections to Plaintiff's requests. *Id.* Defendant's objections consisted primarily of boilerplate language asserting that the discovery requests were "vague, burdensome, and overly broad." *Id.* Several courts in the Fourth Circuit have declared such objections invalid, and, in some cases, said objections were deemed waived. Kinetic Concepts, Inc. , 268 F.R.D. at 241 (collecting cases).

Plaintiff requested that Defendant supplement its responses on September 14, 2012. Defendant did not do so before the deadlines for all non-expert discovery had expired, nor did Plaintiff file her motion to compel prior to the expiration of those deadlines. Specifically, Defendant did not supplement its responses until October 5, 2012. (DE-108-4). In its supplemented responses, Defendant still recites stock phrases. However, some additional details are provided. Notably, Defendant indicates that some of the materials would be impossible, or prohibitively expensive, to retrieve. In addition, Defendant contends that some of the requested materials either do not exist or have already been disclosed. Finally, Defendant argues that some of the requested materials are privileged.

The instant motion to compel was filed on October 11, 2012. (DE-107). To reiterate, this was after the deadlines for non-expert discovery had expired. Neither the face of Plaintiff's motion, nor its supporting memorandum substantively addresses the objections contained in Defendant's supplemented discovery responses. Although Plaintiff includes, as she must, a certification that there was a good faith attempt to resolve this discovery dispute without the intervention of this Court, the undersigned questions the diligence of this attempt. Plaintiff concedes she filed that instant motion the day after receiving Defendant's

3

supplemented responses. (DE-108, pg. 2). There is no indication the parties further conferred after the supplemented responses. Plaintiff argues that, "[i]n essence, Defendant did not supplement any responses." (DE-107, pg. 2). Clearly, however, Defendant more fully explained its objections in the supplemented discovery responses. Indeed, Plaintiff conspicuously notes that "[a] **significant number** of the objections set forth by . . . Defendant are believed to not be with substantial justification . . ." (emphasis added). *Id.* This implies that at least some of the objections are with substantial justification, but that Plaintiff could not be bothered to distinguish between the two to assist the Court. An examination of the filings, and the entire docket in this matter, indicates any attempts to resolve this dispute were likely cursory at best.

Finally, neither party has adequately briefed this matter. As noted above, Plaintiff was aware of Defendant's objections, yet makes no substantive attempt to address them in her motion and memorandum. (DE's 107-108). While Plaintiff is correct that Defendant bears the burden of persuasion, she nonetheless should have responded to Defendant's objections with relevant precedent. Rather, Plaintiff merely argues, with virtually no elaboration, that the requested material is relevant. Such an argument provides little assistance to the Court where, as here, Defendant argues, *inter alia*, the requested materials have already been provided or no longer exist. Conversely, Defendant asserts, with little elaboration, that it would be unduly burdensome to further supplement its responses. This argument contains virtually no discussion of relevant case law pertaining to what is and what is not unduly burdensome. Likewise, neither party has sufficiently addressed the issue of privilege, and it is unclear whether Defendant has provided a privilege log as required by Rule 26(b)(5) of the

4

Federal Rules of Civil Procedure.

In short: 1) Defendant arguably waived its objections in its first response by using boilerplate language; 2) the instant motion is arguably untimely since non-expert discovery has closed; 3) any attempts to resolve this dispute prior to the motion to compel appear cursory; and 4) neither party has adequately briefed the issues. At minimum, the parties have violated the spirit of the Federal Rules of Civil Procedure. As noted in Kinetic Concepts, Inc.:

> "Rule 26(g) imposes an affirmative obligation to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." Fed.R.Civ.P. 26 advisory committee's notes, 1983 Amendment, Subdivision (g) (emphasis added). "[T]he spirit of the [R]ules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues...." Fed.R.Civ.P. 26 advisory committee's notes, 1983 Amendment. *See also* Mills, 259 F.R.D. at 130 ("The civil discovery process is to be engaged in cooperatively."); Wagner v. St. Paul Fire & Marine Ins. Co., 238 F.R.D. 418, 422 (N.D.W.Va. 2006) ("Gamesmanship to evade answering [discovery requests] is not allowed.")
>
> The certification requirement in Rule 26(g) thus "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed.R.Civ.P. 26 advisory committee's notes, 1983 Amendment, Subdivision (g) (emphasis added). *See also id*. ("The signing requirement means that every discovery request, response, or objection should be grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law."). Moreover, Rule 26(g) "requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." *Id*. By signing a Rule 26(g) certification, an attorney "certifies that [he or she] has made a reasonable effort to assure that the client has provided all the information and documents available to [the client] that are responsive to the discovery demand." Id. (emphasis added). *See also* Fed.R.Civ.P. 37 advisory committee's notes, 1993 Amendments, Subdivision (a) ("[Discovery requests] should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under [ Rule 37(a) ].").

> "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed.R.Civ.P. 26(g)(3) (emphasis added). This provision "mandates that sanctions be imposed on attorneys who fail to meet the standards established in the first portion of Rule 26(g)." Fed.R.Civ.P. 26 advisory committee's notes, 1983 Amendment, Subdivision (g). *See also id.* ("Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions."); . . .
>
> Despite the unambiguous dictates of the Rules (including Rule 26(g)) and related local rules (like this Court's Local Rule 26.1(b)(1)) that require attorneys to conduct discovery in a cooperative fashion, courts continue to find that "[h]ardball discovery ... is still a problem in some cases ...." Network Computing Servs. Corp. v. Cisco Sys., Inc., 223 F.R.D. 392, 395 (D.S.C.2004) (noting that such conduct "is costly to our system and consumes an inordinate amount of judicial resources"). *See also* Frontier-Kemper, 246 F.R.D. at 530 ("[T]his court encounters discovery disputes involving boilerplate and other inappropriate objections far too frequently."); Jayne H. Lee, Inc., 173 F.R.D. at 656 ("As with interrogatories, answers to requests for production of documents are also subject to frequent abuse during pretrial discovery.").
>
> Kinetic Concepts, Inc., 268 F.R.D. at 243 (footnotes omitted).

In this posture, Plaintiff's motion to compel (DE-107) is DENIED WITHOUT PREJUDICE. The parties are ORDERED to confer no later than November 13, 2012 to resolve these disputes. If any further discovery disputes in this matter are referred to the undersigned, sanctions shall be imposed pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See*, Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382 (N.D.W.Va. May 2, 2003)( "[t]he great operative principle of [Rule 37] is that the loser pays")(quotation omitted). Any subsequent motion to compel shall specifically describe the results of the ordered

6

discovery conference. Likewise, any argument for, or objection to, discovery shall: 1) specifically reference the request at issue; 2) describe in detail what has already been disclosed; and 3) be supported with relevant precedent. Given that non-expert discovery has closed, the undersigned takes no position whether any future motion to compel would be deemed timely. Finally, Defendant is admonished that it has the burden of persuasion in resisting discovery, and few of its current objections would meet that burden.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, October 25, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE